UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KELLY MENDOZA** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **LAFARGE NORTH AMERICA, INC., and** | * | **NO.** |
| **NATIONAL UNION FIRE INSURANCE** | * | |
| **COMPANY OF PITTSBURGH, PA** | * | |
| ****************************************** | | **SECTION:** |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come Plaintiff, Kelly Mendoza, who for her Complaint avers as follows:

### I. PARTIES:

**1.**  Appearing as Plaintiff is Kelly Mendoza, a person of the full age of majority an a resident citizen of Orleans Parish, Louisiana.

**2.**  Named as Defendants are:

A. Lafarge North America, Inc. ("Lafarge"), a foreign corporation licensed to do business in Louisiana, and which is domiciled in the State of Maryland;

B. National Union Fire Insurance Company of Pittsburgh PA ("National Union"), a direct action defendant pursuant to La. R.S. 22:1269 B (1), and a foreign liability insurer licensed to do business in Louisiana, and which is domiciled in the State of

1

Pennsylvania.

## I. JURISDICTION:

3. Jurisdiction is conferred by 28 U.S.C. § 1332 (a)(1), because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

## II. VENUE:

4. Venue is conferred by 28 U.S.C. § 1391(a)(2), because the Eastern District of Louisiana is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III. FACTUAL ALLEGATIONS:

4. On October 24, 014, Lafarge was the owner of a 2011 International truck, VIN# 1HTXLAHTXBJ094429 bearing 2015 Louisiana license plate number B844103.

5. The 60,000 pound cement mixer-truck was insured by National Union's liability insurance policy

   # CA 7062887, which then in full force and effect.

6. On October 24, 2014, Plaintiff was driving her 2002 Honda Accord, a 2,900 pound passenger vehicle, in the *left-hand* northbound lane on Jefferson Davis Parkway in Orleans Parish, just south of its intersection with Earhart Boulevard.

7. At that same time, Felmon E. Rushing, a Lafarge employee, was driving the cement-mixer truck in the *right-hand* northbound lane on Jefferson Davis Parkway in Orleans Parish, just south of its intersection with Earhart Boulevard.

8. Suddenly, and without any warning, Rushing initiated an improper left turn from the right-

hand lane and collided broadside with Plaintiff's vehicle.

9. Mr. Rushing was in the course and scope of his duties as a Lafarge employee-driver when he collided with Plaintiff.

10. As a result of the collision, Plaintiff suffered severe personal injury requiring surgery and her vehicle was damaged beyond..

11. National Union had in full force and effect its policy No. CA 7062887, which provided liability coverage to Lafarge for the negligent conduct alleged in this lawsuit.

### IV. APPLICABLE LOUISIANA CIVIL CODE ARTICLES:

12. La. C.C. art. 2315 A provides *"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."*

13. La. C.C. art. 2316 provides *"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."*

14. La. C.C. art. 2317 provides *"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody."*

15. La. C.C. art. 2320 provides *"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."*

### V. ACTS OF FAULT, WANT OF CARE, AND NEGLIGENCE

16. The acts of fault, want of care, and/or negligence on the part of Lafarge's employee, Felmon Rushing, were as follows:

    A.      Failing to keep the cement-mixer truck in the right-hand northbound lane of Jefferson Davis Parkway;

    B.      Improperly turning left from the right-hand northbound lane of Jefferson Davis Parkway and into the path of Plaintiff's vehicle;

    C.      Failing to take the last clear chance to avoid a broadside collision by remaining in the right-hand northbound lane of Jefferson Davis Parkway;

    D.      Failing to maintain a proper lookout and see Plaintiff's vehicle in the left-hand northbound lane of Jefferson Davis Parkway; and

    E.      Any other acts or omissions of constituting a breach of any duty owed to Plaintiff that may be revealed in subsequent discovery or proven at trial.

17.    The acts of fault, want of care, and/or negligence on Lafarge's part, which were accomplished through its officers, employees, agents, or those acting on its behalf, were as follows:

    A.      Failing to train its employee, Felmon Rushing, how to properly operate its cement-mixer truck while in traffic and on municipal streets;

    B.      Failing to ascertain if its employee, Felmon Rushing, knew how to make safe turns while operating its cement-mixer truck while in traffic on municipal streets; and

    C.      Any other acts or omissions of constituting a breach of any duty owed to Plaintiff that may be revealed in subsequent discovery or proven at trial.

### VI. PLAINTIFFS' DAMAGES:

18.    Kelly Mendoza itemizes her general and special damages as follows:

    A.      Extreme mental anguish, fear and fright, and post-traumatic stress;

B. Physical pain and suffering;

C. Permanent anatomical impairment and cosmetic disfigurement;

D. Loss of enjoyment of life;

E. Loss or wages;

F. Impairment of earning capacity; and

G. Past and future medical expenses.

### VII. LIABILITY ALLEGATIONS:

19. For reason of the acts of fault, want of care, and/or negligence on the part of its employee, Felmon Rushing, which were a direct and proximate causes of Plaintiff's injuries, Lafarge is vicariously liable to Plaintiff in money damages exceeding the sum or value of $75,000.00 exclusive of interest and costs.

20. National Union, as a direct action defendant, and within the terms and limits of its policy, is liable in money damages for any judgment entered against Lafarge for the wrongful conduct of Lafarge's employee, Felmon Rushing.

### VIII. JURY TRIAL DEMAND

21. Plaintiff demands trial by jury on all issues of fact and law triable to a jury.

### IX. PRAYER FOR RELIEF:

35. **WHEREFORE**, Plaintiff, Kelly Mendoza, prays:

A. That the Defendants, Lafarge North America, Inc. and National Union Fire Insurance Co. Of Pittsburgh, PA, be served with copies of Summons and the Complaint;

B. That the Defendants serve their Answers thereto;

C. That after all due proceedings had, and the expiration of all legal delays, there be a trial by jury and a final Judgment entered;

D. That the final Judgment holds the Defendants liable to the Plaintiffs, jointly, severally, and *in solido*, in money damages reasonable under these premises and exceeding the sum or value of $75,000.00 exclusive of interest and costs;

E. That there be an award of legal interest on all money damages awarded, from the date of judicial demand until the same are fully paid;

F. That there be an award of all costs allowed by law;

G. That there be trial by jury on all issues of fact and law triable to a jury; and

H. That the Court grant such other relief as the interests of justice may require.

Respectfully submitted,

/s/ Richard M. Martin, Jr.
FRANK E. LAMOTHE, III, T.A., (#07495)
RICHARD M. MARTIN, JR.. (#08998)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
Facsimile:  (504) 262-0945
E-Mail: felamothe@lamothefirm.com
rmartin@lamothefirm.com

*Attorneys for the Plaintiff, Kelly Mendoza*

**SERVICE OF THE COMPLAINT**
**TO BE MADE BY SERVICE OF SUMMONS TO:**

**LAFARGE NORTH AMERICA, INC.**
**Through its Registered Agent for Service of Process:**
**The Prentice-Hall Corporation System, Inc.**
**320 Somerulos Street**
**Baton Rouge, LA 70802-6129**

**NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA**
**Through its Agent for Service of Process:**
**Hon. Tom Schedler**
**Louisiana Secretary of State**
**8585 Archives Avenue**
**Baton Rouge, LA 70809**